## KING v. McLOSKEY.

1. Where the plaintiff is twice nonsuited in the progress of the same suit, and the nonsuits are set aside by the Court, this does not affect his right to proceed to judgment. The act of 1807, [Digest 283, §135,] refers to nonsuits suffered in several actions for the same cause.

WRIT of Error to the Circuit Court of Shelby county.

Assumpsit by McLoskey & Co. against King as drawer of a bill of exchange.

The record shows that the plaintiffs suffered a nonsuit at three different terms, but each nonsuit was set aside at the term when suffered, and the cause continued. At a subsequent term the defendant pleaded two of these nonsuits in avoidance

of the action. This plea was overruled on demurrer, and judgment given for the plaintiff.

PECK, for the plaintiff in error, cited Digest, 283, §135; Bullock v Perry, 2 S. and P. 319,

CHILTON, contra.

GOLDTHWAITE. J.—The statute under which the defendant claims the right to interpose this plea, is in these terms:

"Every person desirous of suffering a nonsuit on trial, shall be barred therefrom, unless he do so before the jury retire from the bar; and no more than two new trials shall be granted in the same cause; and two nonsuits shall be considered as equal to a verdict against the party suffering the same." [Digest, 283, §135.]

The object of this statute, most probably, was to prevent the institution of vexatious suits, and to provide a mode by which the defendant might have relief without applying to the Court of Chancery. There is nothing in the terms used that lead to the impression that it was intended to take from the Courts the power or discretion to set aside nonsuits. It will readily occur to any one acquainted with the Circuit practice, that the plaintiff often suffers a nonsuit in consequence of an erroneous charge by the Court, and if the construction of this statute is to be such as to prevent the Court from correcting its error by setting aside the nonsuit, much vexation, and frequently injustice would be the conseqnence.

Our opinion is that the statute refers alone to nonsuits which are decisive of the case, and on which the judgment of the Court is rendered. When the plaintiff has twice placed himself in this predicament, the nonsuits are equivalent to a verdict, but not otherwise.

Let the judgment be affirmed.